NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL RAYMOND LONGAN,

No.    17-35930

Petitioner-Appellant,

D.C. No. 3:16-cv-06053-BHS

v.

MARGARET GILBERT,

MEMORANDUM[*]

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL,[**] District Judge.

Petitioner-Appellant Daniel Longan appeals from the district court's

judgment denying his petition for writ of habeas corpus. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

under 28 U.S.C. §§ 1291 and 2253. We review the district court's judgment de novo, *Doody v. Ryan*, 649 F.3d 986, 1001 (9th Cir. 2011) (en banc), and we affirm.

The Sixth Amendment of the Constitution states, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. To ensure that a defendant's public trial right is not violated, a trial court must follow the four-part test articulated in *Waller v. Georgia*, 467 U.S. 39 (1984), prior to excluding parties from the courtroom. The public trial right extends to court closures during "the *voir dire* of prospective jurors." *Presley v. Georgia*, 558 U.S. 209, 213 (2010) (per curiam).

Neither *Waller* nor *Presley*, however, squarely apply to the situation here. In *Waller*, the court closed a seven-day suppression hearing to all but the witnesses, court personnel, parties, and attorneys. 467 U.S. at 42. In *Presley*, meanwhile, the court ordered the defendant's family to leave the courtroom for the entirety of voir dire. 558 U.S. at 210. Public trial right cases that have arisen under the First Amendment have involved similarly extensive closures. *See, e.g.*, *Gannett Co. v. DePasquale*, 443 U.S. 368 (1979) (closure for pre-trial proceedings); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (closure for trial); *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984) (closure for all but three days of a six-week voir dire).

2

Here, the closure lasted two minutes. After a juror raised her hand to inform the court that she had a "health problem" that she could discuss "privately," the court then spoke with her in the hallway. With both the prosecutor and defense counsel present, the court briefly discussed her medical issues and another juror's hearing problems. The defendant chose not to be present during the conversation. He did not object, and later stated on the record that he consented to the hallway discussion.

The Supreme Court has never held that such an exclusion without objection violates the defendant's Sixth Amendment right to public trial. On this record, the state court's decision was not an unreasonable application of clearly established federal law. 28 U.S.C. § 2254.

In light of the above disposition, we need not reach the issue of waiver.

**AFFIRMED.**